**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| John Clay, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   14 C 4270 |
| | ) | |
| National Credit Adjusters, LLC, a Kansas | ) | |
| limited liability company, Financial | ) | |
| Adjustment Services, Inc., a California | ) | |
| corporation, and The Schreiber Law | ) | |
| Firm, LLC, an Indiana limited liability | ) | |
| company, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, John Clay, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) two of the Defendants reside and transact business here.

## PARTIES

3.     Plaintiff, John Clay ("Clay"), is a citizen of the State of New Mexico, from whom Defendants attempted to collect a delinquent consumer debt that he allegedly owed for a Citibank account, despite the fact that this debt was time-barred, and despite

the fact that he had exercised his rights to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, National Credit Adjusters, LLC ("NCA"), is a Kansas limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  NCA operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant NCA was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant NCA is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

6.      Defendant, Financial Adjustment Services, Inc. ("FAS"), is a California corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  FAS operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant FAS was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7.      Defendant, The Schreiber Law Firm, LLC ("Schreiber"), is an Indiana

limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Schreiber operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Schreiber was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

8. Defendants NCA and Schreiber are authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, all of the Defendants conduct business in Illinois.

9. Defendant NCA is also licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Department of Professional Regulation, attached as Exhibit B. In fact, Defendant NCA acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

10. Mr. Clay is a disabled man, with limited assets and income, who, on or before October, 2007, fell behind on paying his bills, including a debt he allegedly owed for a Citibank account. At some point in time after that debt became delinquent, another bad debt buyer/debt collector, IDT Carmel ("IDT"), bought/obtained Mr. Clay's alleged Citibank debt. When IDT began trying to collect the Citibank debt from Mr. Clay, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant's collection actions.

11. Specifically, IDT had another debt collector, Northland Group, demand

3

payment of the Citibank debt from Mr. Clay, which did so by sending him collection letters dated August 14, 2008 and September 13, 2008. Copies of these collection letters are attached as Group Exhibit C.

12.     Via letter dated September 19, 2008, one of Mr. Clay's attorneys at LASPD informed IDT, through its collection agent, that Mr. Clay was represented by counsel, and directed IDT to cease contacting him, and to cease all further collection activities because Mr. Clay was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

13.     Thereafter, another bad debt buyer, Rincon Filing Services ("Rincon") bought/obtained the Citibank debt and began calling him during April, 2011, to demand payment of the alleged Citibank debt. Accordingly, on May 5, 2011, LASPD sent Rincon notice that Mr. Clay was represented by counsel, and that it had to cease collections and cease communications. Copies of this letter and fax confirmation are attached as Exhibit E.

14.     The affect of these notices was that the debt could then only be collected upon via a negative credit report or a lawsuit – calling or writing the consumer had to stop. Nonetheless, Defendant NCA then bought/obtained Mr. Clay's alleged Citibank account, ignored the information in the account notes that told it, as the successor-in-interest, that it could no longer call or write Mr. Clay, and hired Defendant FAS to demand payment of the alleged Citibank. Defendant FAS then had its law firm, Defendant Schreiber, send Mr. Clay a collection letter, dated December 19, 2013, demanding payment of the alleged Citibank debt. This letter failed to state the name of the current owner of the debt and, instead only mentioned Defendant FAS's name. A

copy of this collection letter is attached as Exhibit F.

15.     Moreover, Defendants knew, or should have known, that there was a problem with the debt at issue due to the age of the portfolio of the debts that included Plaintiff's alleged debt.  In fact, any reasonable review of the records on this account would have shown that the account should not have been collected upon in the manner at issue in this matter.

16.     Accordingly, on January 2, 2014, Mr. Clay's LASPD attorneys had to send Defendants a letter directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit G.

17.     Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

18.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

19.     Plaintiff adopts and realleges ¶¶ 1-18.

20.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

21.     Here, the letters from Plaintiff's agent/attorney, LASPD, told Defendants to cease communications and cease collections.  By continuing to communicate regarding

this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

22.     Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

23.     Plaintiff adopts and realleges ¶¶ 1-18.

24.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

25.     Defendants knew, or readily could have known, that Plaintiff was represented by counsel in connection with his debt because his attorneys at LASPD had given notice in writing, to Defendants' predecessor-in-interest, that Plaintiff was represented by counsel, and had directed a cessation of communications with Plaintiff. By directly sending Plaintiff a collection letter, despite being advised that he was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

26.     Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### COUNT III
### Violation Of § 1692g(a)(2)
### Failure To Identify Effectively The Current Creditor

27.     Plaintiff adopts and realleges ¶¶ 1-18.

6

28.     Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, they had to provide Mr. Clay with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;" <u>see</u>, 15 U.S.C. § 1692g(a)(2).

29.     Defendants' form collection letter violates § 1692g(a)(2) of the FDCPA because they failed to identify effectively that Defendant NCA was the current creditor to whom the debt was owed.  <u>See</u>, <u>Braatz v. Leading Edge Recovery Solutions, LLC, et al.</u>, 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2001); <u>Walls v. United Collection Bureau, Inc, et al.</u>, 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. 2012).

30.     Defendants' violation of § 1692g of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

**COUNT IV**
**Violation Of § 1692e(5) Of The FDCPA –**
**Taking An Action That Could Not Be Legally Taken**

31.     Plaintiff adopts and realleges ¶¶ 1-18.

32.     Section 1692e(5) of the FDCPA prohibits debt collectors from taking actions that cannot legally be taken in connection with the collection of a debt, <u>see</u> 15 U.S.C. § 1692e(5).

33.     The statute of limitation for the collection of debts in New Mexico is 6 years. <u>See</u>, N.M. Stat. § 37-1-3.  Here, Mr. Clay's debt became time-barred sometime on or before October, 2013.

34.     Attempts by debt collectors to collect time-barred debts violate § 1692e of the FDCPA.  <u>See</u>, <u>Phillips v. Asset Acceptance</u>, 736 F.3d. 1076, 1079 (7th Cir. 2013); and, <u>McMahon v. LVNV Funding</u>, 2014 U.S. App. LEXIS 4592 (7th Cir. 2014).

35.     By sending the December 19, 2013 collection letter for a debt that was time-barred, Defendants took an action that they could not legally take and, thus, have violated § 1692e(5) of the FDCPA.

36.     Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, John Clay, prays that this Court:

1.     Find that Defendants' debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Clay, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, John Clay, demands trial by jury.

John Clay,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: June 9, 2014

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com